AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
**FILED**

**APR 0 1 2025**

Nathan Ochsner, Clerk of Court

Richard B. Stepp
_Petitioner_

)
)
)
)
)
)
)
)
)

v.

Case No. _____
_(Supplied by Clerk of Court)_

Wayne Dicky, Sheriff
_Respondent_

_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.   (a) Your full name: Richard Bernard Stepp
    (b) Other names you have used: Richard Stepp

2.   Place of confinement:
    (a) Name of institution: Brazos County Detention Center
    (b) Address: 1835 Sandy Point Road
       Bryan, Texas 77807
    (c) Your identification number: SO# 23121664, TDCJ# 01419590

3.   Are you currently being held on orders by:
    ☐ Federal authorities    ☑ State authorities    ☐ Other - explain:
    _____

4.   Are you currently:
    ☑ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: 272nd District Court of Brazos County, Texas
        (b) Docket number of criminal case: 06-3822-CRF-272
        (c) Date of sentencing: June 9, 2006
    ☐ Being held on an immigration charge
    ☑ Other _(explain)_: Sentence has "Cease To Operate" and continued detention under a pre-revocation warrant (Blue Warrant) from a issued NO TRUE BILL Indictment on pending charges

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☑ Other *(explain)*:  Illegal Confinement due to State Officials continue to Negate Facts seeking relief in violation of Rule 47.1

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  Parole Division / 272nd District Court / Court of Criminal Appeals

(b)  Docket number, case number, or opinion number:  VR# 33173638; 06-3822-272B+C; WR.45,547-01 to 08

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

1) Parole Divisions violative disposition of hearing results to lift Blue Warrant or provide timely revocation hearing
2) District Attorney Negated Order To Transmit Habeas Record and District Court Judge signing in good faith it was correct. 3) Court of Criminal Appeals Denying Application w/out Written Order

(d)  Date of the decision or action:  NA violation of Rule 47.1

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes                ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:  Board of Pardons and Paroles General Counsel 8610 Shoal Creek BLVD., Austin, Tx. 78757

(2)  Date of filing:  June 13, 2024

(3)  Docket number, case number, or opinion number:  VR# 33173638

(4)  Result:  No Response, Blue Warrant pending after Mandatory Maximum Discharge Date

(5)  Date of result:  None Available. Violating Rule 47.1

(6)  Issues raised:  Preliminary Hearing was held on 10/19/2023 and the results were returned on 6/12/2024 approximately eight (8) months after the hearing and the Mandatory Maximum Discharge Date of 6/7/2024. Denial of a Revocation Hearing prior to the hearing results in a timely manner under law.
SEE: (EXHIBIT A, page 1-4) (EXHIBIT-B)

(b)  If you answered "No," explain why you did not appeal:

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes                ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: In The District Court of Brazos County, Texas 272nd Judicial District

    (2) Date of filing: 9-26-2024 Mailbox Rule, Received & Filed 10/01/2024

    (3) Docket number, case number, or opinion number: 06-03822-CRF-272-C

    (4) Result: Recommend that Application be Dismissed w/no Findings of Fact and Conclusion at law

    (5) Date of result: 11-4-2024

    (6) Issues raised: 1) Illegal Confinement (Denied Evidentiary Hearing),
2) Denial of Due Course of Law pursuant to T.C.C.P. Art. 11.07 (Denied Evidentiary Hearing in regards to Cause No. 06-03822-CRF-272-8)
3) Denial of Due Process for Parole Revocation Hearing (Denied Requested Evidentiary Hearing)
                    Violation of Rule 47.1

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes      ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: Court of Criminal Appeals

    (2) Date of filing: 11-4-2024

    (3) Docket number, case number, or opinion number: WR-45,547-08

    (4) Result: Denied without written order the application for writ of habeas corpus

    (5) Date of result: 11/20/2024

    (6) Issues raised: Ground One: Illegal Confinement
Ground Two: Denial of Due Course of Law pursuant to T.C.C.P. Art. 11.07
Ground Three: Denial of Due Process for Parole Revocation Hearing
              Violation of Rule 47.1

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes      ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1)  Date of filing: _____
(2)  Case number: _____
(3)  Result: _____
(4)  Date of result: _____
(5)  Issues raised: _____
_____
_____
_____
_____

(d)    Did you appeal the decision to the United States Court of Appeals?
❑ Yes                    ☑ No
If "Yes," provide:
(1)  Name of court: _____
(2)  Date of filing: _____
(3)  Case number: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____
_____
_____
_____
_____

12.    **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
❑ Yes                    ☑ No
If "Yes," provide:
(a)  Kind of petition, motion, or application: _____
(b)  Name of the authority, agency, or court: _____

(c)  Date of filing: _____
(d)  Docket number, case number, or opinion number: _____
(e)  Result: _____
(f)  Date of result: _____
(g)  Issues raised: _____
_____
_____
_____
_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Denial of Due Process for Parole Revocation Hearing

SEE: EXHIBIT A & B

(a) Supporting facts (Be brief. Do not cite cases or law.):

On 8/30/23 a Pre-revocation Warrant was issued, on 9/26/23 Petitioner was arrested. On 10/19/2023 a Preliminary Hearing was conducted and results were not returned until 6/12/2024; eight (8) months after the Preliminary Hearing and after Petitioners Mandatory Maximum Discharge Date of 6/7/2024. During the eight month wait, Parole Officer Chelsea Blankenship denied my continued request for a Revocation Hearing or law or rules in support of the Denial.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND TWO:** Illegal Confinement

SEE: EXHIBIT A & B

(a) Supporting facts (Be brief. Do not cite cases or law.):

Petitioner has been incarcerated past his Mandatory Maximum Discharge Date of 6/7/24 under Pre-Revocation Status due to pending NO TRUE Bill Indictment, preventing Petitioner from posting bond, violating his presumption of innocence and due process rights. Petitioner was sentenced to eighteen (18) years and said sentence has "Cease To Operate". The pending charge has no relevance to the ministrial duty to properly discharge the 18 year sentence.

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND THREE:** Denial of Due Course of Law pursuant to T.C.C.P., Art. 11.07

SEE: EXHIBIT A1 & B1 & C

(a) Supporting facts (Be brief. Do not cite cases or law.):

On 4/24/24, the District Clerk forwarded Petitioner's Application For Writ of Habeas Corpus to A.D.A. Doug Howell, III, whom had (15) days to respond, the trial court had 20 days to determine to the legality of Petitioners confinement but failed to respond. Petitioner filed a Writ of Mandamus in the Court of Criminal Appeals and as a result the Judge signed the Order to Transmit on 7/16/2024. Exceeding the 35 days violating the Operation of Law as Untimely, Null and Void intentionally Denying Writ.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                  ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____

_____

_____

## Request for Relief

15.  State exactly what you want the court to do:  Upon review of fact material supported by the record (EXHIBITS) which entitles him to relief, Mandate that Cause # 06-03822-CRF-272 has "Cease To Operate" or "Completion of Sentence" be forwarded to the Sheriff of Brazos County, TDCJ, Board of Pardons and Parole to close the Blue Warrant. Grant any other relief this Court deems Just and proper. Petitioner Prays!

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

3/25/2024

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3/25/2024

Richard B Stern     U.C.C 1-308

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF TEXAS

Richard B. Stepp, Petitioner

v.

Wayne Dicky, Sheriff, Respondent

Case No. _____

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS, 28 U.S.C. § 2241

TO THE HONORABLE COURT:

COMES NOW, Petitioner Richard B. Stepp, SO # 23121664, TDCJ # 01419590, under 28 U.S.C. § 2241, seeking Pretrial and Post Conviction relief from the Final Felony Conviction in Cause No. 06-3822-CRF-272 and will show the following:

Petitioner is incarcerated in the Brazos County Detention Center by Sheriff Wayne Dicky, for the Board of Pardons and Paroles on it's Prerevocation Warrant "Blue Warrant", that the Brazos Co. D.A.'s Office has executed to Negate Facts of a No True Bill Indictment (See EXHIBITS - AA, BB, CC) "the violated condition of release", Petitioner was sentenced to eighteen (18) years and his Maximum Discharge Date being 06-07-2024 (See. EXHIBIT - 1A). Petitioner has been Incarcerated nine (9) months past said Maximum Discharge Date. Petitioner has been Denied a timely Revocation Hearing, eight (8) months prior to his discharge date and now (9) nine after.

### Ground One
### Denial of Due Process For Parole Revocation Hearing X Amend.

Denial of a final parole revocation hearing within a reasonable time violates Due Process, Morrisey v. Brewer, 408 U.S. 471 (1972) (Holding that a parolee is entitled to due process and a parole revocation hearing) cited in Ex Parte Palma, NO. WR-90, 415-01; NO. WR-90, 415-02 (Tex. Crim. App. Dec. 11, 2019)

The Supreme Court has indicated that a lapse of two months is reasonable. Id. Due process would be satisfied by prompt hearing or by the Applicant's release. Moody v. Daggett, 429 U.S. 78, 86-87 (1976)

Gov't. Code Sec. 508.283. Sanctions (e) "in part" ... violated conditions of release ... the board may require the releasee to remain under custodial supervision in a county jail for a period not less than 60 days or more than 180 days. Petitioner is warranted immediate Relief.

### Ground Two
### Illegal Confinement

See. EXHIBIT 1A & A & B, Maximum Expiration Date: 06/07/2024, The Courts has held that there is a right to time credit for anytime spent in confinement pursuant to the execution of of a pre-revocation warrant and that time can not be denied a parolee. Ex parte Llorence, No. WR-80, 830-01 (Tex. Crim. App. Feb. 26, 2014), Ex parte Price, 922 S.W. 2d 958-59 (Tex. Crim. App. 1996), citing Ex parte Canada, 754 S.W. 2d 660, 668 (Tex. Crim. App. 1988). Petitioner was released on 10/24/2011 and has not been violated, lost street time and pending charge has no Relevance to the Board of Pardon and Paroles but to the ministrial duty to properly discharge the eighteen (18) year sentence the 272nd District Court of Brazos County assessed as punishment. SEE. Ybarra, 149 S.W. 3d at 148 n.2 "IF Applicant has been incarcerated past his presumptive discharge date, this is no longer a time credit claim but an illegal confinement claim". Petitioner has exceeded his Discharge Date of 06/07/2024. Petitioner is seeking relief of the unlawful Kidnapping by Wayne Dicky !!!
"UNLAWFUL RESTRAINT/KIDNAPPING"

1 of 2

## Ground Three
### Denial Of Due Course Of Law Pursuant to T.C.C.P., Art. 11.07

See. EXHIBIT-A1, Petitioner filed his Application For Writ Of Habeas Corpus and the District Clerk electronically forward A.D.A. Doug Howell, III said Application.

Under Tex. C.C.P., Art. 11.07, § (b), the attorney representing the state had 15 days to respond and Under Tex. C.C.P. 11.07 3(c), the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement.

The A.D.A., Doug Howell III, Negated Facts on the Order to Transmit Habeas Corpus Record and In Good Faith, Judge John Brick signed said Order on 7/16/2024. After the motion for leave to file the original application for writ of mandamus and original application for writ of mandamus was received and presented to the Court of Criminal Appeals; WR-45,547-06 on 7/8/2024 SEE. EXHIBIT-D

The Trial Court had no jurisdiction to sign and transmit said Order. The court violated a ministrial duty, forwarding Order recommending that application be dismissed. Article 11.07 does not authorize the trial court to extend the time limitations imposed by a timely of an order designating issues. McCree v. Hampton, 824 S.W. 2d. 578, 579 (Tex. Crim. App. 1992)

The Order Denied Petitioner the Due Course of Law guaranteed by Art. I. sec. 19 of the Texas Constitution and the Sixth and Fourteenth Amendments of the United States Constitution. due process of law.

The Trial Court violated a ministerial duty and there is no adequate remedy at law. In re State ex. rel. Weeks, 391 S.W. 3d 117, 122 (Tex. Crim. App. 2013)(original proceeding) A trial court has a ministrial duty to rule on a properly-filed and timely-presented motion. See. In re State ex. rel Young v. Sixth Judicial Dist. Court of Appeals, 236 S.W. 3d 207, 210 (Tex. Crim. App. 2007)(orig. proceeding)

### IN CONCLUSION

Petitioner is requesting upon review of fact material supported by the record (EXHIBITS) which entitles him to relief, MANDATE that Cause # 06-3822-CRF-272 has "Cease To Operate" or Completion of the Sentence" be forward to the Sheriff of Brazos County, TDCJ and Board of Pardons and Paroles to close the Blue Warrant. Grant any other relief this Court deems Just and proper.

### UNSWORN DECLARATION

I, Richard B. Stepp so# 23121664, incarcerated in the Brazos Co. Detention Center, swear under the penalty of perjury that the above and foregoing Memorandum In Support of Writ of Habeas Corpus .28 § U.S.C. § 2241 is true and correct, and Certify that the Original Application with EXHIBIT attached with a second copy was mailed to the U.S.D.C. Clerk of Court, P.O. Box 61010, Houston, Texas 77208, on this the 25th day of March, 2025.

Richard B Stepp   U.C.C. 1-308
Richard B. Stepp # 23121664
1835 Sandy Point Rd., B.C.D.C.
Bryan, Texas 77807

# EXHIBITS

EXHIBIT-1A, Violation Report   Maximum Expiration date 06/07/2024

EXHIBIT-A,  Hearing/Waiver Results 3 of 3

EXHIBIT-B,  Motion To Reopen Hearing 2 of 2

EXHIBIT-A1,  District Clerk, Gabriel Garcia letter certified mail receipt of Filing and Forwarding Writ of Habeas Corpus to the A.D.A. and Order To Transmit Habeas Corpus Record in Cause No. 06-03822-CRF-272-B (3 pgs)

EXHIBIT-B1,  District Clerk, Gabriel Garcia letterhead certified mail receipt of Filing and Forwarding Writ of Habeas Corpus to the A.D.A. and Order To Transmit Habeas Corpus Record in Cause No. 06-03822-CRF-272-C (3 pgs)

EXHIBIT-C,  Court of Criminal Appeals. Denial without written order the application for writ of habeas corpus

EXHIBIT-AA, Indictment-Original (No Grand Jury Seal or True Bill Stamp)

EXHIBIT-BB, Indictment-Original (With District Clerk's Seal, Not Grand Jury Seal)

EXHIBIT-CC, Sample/Example of District Clerk's Seal Stamp

EXHIBIT-D, WR-45,547-06, 7/8/06 Writ of Mandamus Application presented to Court.



## STATE OF TEXAS
### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION

---

## Violation Report

---

| Report Date: | 08/30/2023 | | VR Number: | 33173638 |
|---|---|---|---|---|

---

**OFFENDER INFORMATION**

{ EXHIBIT-1A }

**Name**
STEPP,RICHARD

| TDCJ#/PIA# | SID# | FBI# | OOS# |
|---|---|---|---|
| 01419590 | 03486083 | 70582EA0 | |

**Legal county of residence**
BRAZOS

CAUSE NO. 06-3B22-CRF-272

---

**PRESENT OFFENSES**

| Offense Date | ID Offense Description | S Sentence | Conviction County |
|---|---|---|---|
| 05/16/2006 | MAN/DEL C/S PG1 <1G | 18Y 0M 0D | BRAZOS |
| 05/16/2006 | MAN/DEL C/S PG1 <1G | 18Y 0M 0D | BRAZOS |

---

**GENERAL INFORMATION**

| **Report Type** | **Absconder** | **Case Type** | **Caseload Category** |
|---|---|---|---|
| Violation | NO | Texas | Substance abuse |

| **Supervision Level** | **Number of Warrants** | **Release date** | **Maximum expiration date** |
|---|---|---|---|
| Low-Moderate | 8 | 10/24/2011 | 06/07/2024 |

**Offender Status**
Pre-Revocation - In Custody

---

**INVESTIGATIVE CONTACTS**

| **Last home contact** | **Last face-to-face contact** |
|---|---|
| 08/23/2023 | 08/23/2023 |

| **Attempted home contact** | **Law enforcement contact** |
|---|---|
| 08/17/2023 | 09/19/2023 |

**ALLEGATION(S)**

The offender was read and explained each of the rules and conditions of release on 03/01/2023

---

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.

Page 1  of  4 .



# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES

{EXHIBIT-A}

## Hearing/Waiver Results

## CASE INFORMATION

| **Name** | **TDCJ #** | **SID #** | **VR #** |
| STEPP,RICHARD | 01419590 | 03486083 | 33173638 |

| **Hearing Type** | **Hearing Date** | **Release Date** | |
| Preliminary Hearing | 10/19/2023 | 10/24/2011 | |

| **Warrant Issued** | **Warrant Executed** | **Release Type** | **HB/SB Eligible** |
| 08/30/2023 | 09/26/2023 | PAROLE | Yes |

| **Maximum Expiration Date** | | **Attorney Present** | |
| 06/07/2024 | | No | |

## PRESENT OFFENSES

| **Offense Date** | **Offense Description** | **Sentence** | **Conviction County** |
| 05/16/2006 | MAN/DEL C/S PG1 <1G | 18Y 0M 0D | BRAZOS |

## ALLEGATIONS and FINDINGS

**Rule 2 - Offense against state laws. I shall commit no offense against the laws of this state or of any other state or of the United States.**

| **Criminal Charge Type** | **Criminal Status** | **Offender Plea** |
| Felony | Pending [P] | Deny |
| **Hearing Officer Findings** | **Board Analyst Findings** | |
| Sustained | | |

**Complainant/Adjudication/Other**
Possession Controlled Substance PG 1/1-B<1G. Police Officer C. Smith

**Allegation**
POSS CS PG 1 <1G

## AMENDMENT(S)
NONE

## RECOMMENDATIONS

| **Title** | **Recommendation** |
| Parole Officer | Proceed to Revocation Hearing |

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.



# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES

{EXHIBIT-A} Cont'd

---

## Hearing/Waiver Results (contd.)

---

| **Name** | **TDCJ #** | **SID #** | **VR #** |
|----------|-----------|-----------|----------|
| STEPP,RICHARD | 01419590 | 03486083 | 33173638 |

**Comments**
Pending Final Disposition

**Title**
Hearing Officer
**Comments**

**Name**
WINFREY,MELITA

**Recommendation**
Proceed to Revocation Final Disposition of Hearing

---

### DECISION

Proceed to Rev - Board Designee (Hearing Officer)

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.



# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES

EXHIBIT-A contd.

### Hearing/Waiver Results (contd.)

| Name | TDCJ # | SID # | VR # |
|---|---|---|---|
| STEPP,RICHARD | 01419590 | 03486083 | 33173638 |

**INSTRUCTIONS TO PAROLE OFFICER:**
1) The offender, with the Parole Officer acting as a witness, are to sign this form in the spaces provided below. If the offender refuses to sign the form, place the words "refused to sign" in the offender's signature space.
2)  **For HEARINGS -**
    The offender is to be given a copy of this form as well as the attached Hearing Report.
    **For WAIVERS -**
    The offender is to be given a copy of this form ONLY.
3) Scan Offender acknowledgement into OIMS.

**OFFENDER'S MOTION TO REOPEN HEARING**
According to Board of Pardons and Paroles Rule # 146.11, the OFFENDER or OFFENDER'S attorney shall have 60 days from the date of the board panel's revocation decision to request a reopening of the case. Such request should be made only:
1) That there is new, relevant, competent evidence which is of probative value on a material issue of fact or law, not merely collateral nor cumulative, which in the exercise of reasonable diligence, was unavailable at the time of the hearing.
2) That the findings of fact and/or conclusions of law are:
    a) not supported by a preponderance of the credible evidence; or
    b) are contrary to law.
3) The procedures followed in the hearing, review and/or disposition of the case are violative of the law or rules of the Board of Pardons and Paroles.

Address your motion to Reopen to:    BOARD OF PARDONS AND PAROLES
GENERAL COUNSEL
8610 SHOAL CREEK BLVD.
AUSTIN, TEXAS 78757

(NOTE: If the Hearing that was held was a Preliminary Hearing, the offender's signature below is simply an acknowledgement that the Preliminary Hearing Report has been received by the offender.)
By my signature below, I hereby acknowledge receipt of the report concerning the Hearing held in my case.

OFFENDER'S ACKNOWLEDGEMENT OF RECEIPT

_____          6 - 12 - 24
OFFENDER'S SIGNATURE                      DATE

_____          6 -12-24
WITNESS                                   DATE

Beutslie

Richard B. Stepp TDCJ# 01419590 §
SID# 03486083   VR# 33173638 §
Brazos County Detention Center §
1835 Sandy point Road §
Bryan, Tx. 77807 §

BOARD OF PARDONS AND PAROLES
GENERAL COUNSEL
8610 Shoal Creek Blvd.
Austin, Tx. 78757

## MOTION TO REOPEN HEARING   {EXHIBIT-B}

TO THE BOARD OF PARDONS AND PAROLES:

Comes Now, Richard B. Stepp, TDCJ# 01419590 in the above titled in according to Board of Pardons and Paroles Rule# 146.11; Article 1131 of the Texas Constitution Separation of Powers and will show the following:

The procedures in the disposition of the case are violative of the law and current claims and issues "have not and could not have been" presented at the hearing", because the factual or legal basis was unavailable on the date of the hearing.

A Preliminary Hearing was held on or around 10/19/23 and the results were returned on 6/12/24 approxlatemely eight (8) months after the hearing and the Mandatory Maximum Discharge Date 6/7/24.

Rules of Law: (1) government must follow its own rules; (2) government must apply the law impartially; (3) government must provide due process for the accused of breaking the rules.

I make the claim I'm illegally restrained from the Finalization of Conviction in Cause No. 06-3822-CRF-272 that has "Cease to Operate" as of 6/7/2024; being Denied adequate notice from the Board of Pardons and Paroles or there officers, that I would not be released on the Mandatory Maximum Discharge Date.

The record shows that a discretionary act rather than a ministrial act has occurred. See In re Powell, 516 S.W.3d 488, 494-495 (Tex. Crim. App. 2017). A clear right to relief is shown when facts and circumstances dictate but one rational decision under un equivical, well settled, and controlling principles; an issue of first impression can sometimes qualify for mandamus relief. In re State ex rel. Weeks, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)

I have requested relevant case law or rules from Parole Officer Chelsea Blankenship and her Supervisor Beatsie that delivered Hearing Results and have been told by both that there doing what the Board is telling them and don't know anything but the hold can not be lifted because of a new rule passed in January 2024, and that my time stopped when the blue warrant was issued... Contridicting to the law and the Texas Constitution and the Right To a Revocation Hearing.

On 4/29/2023, I was arrested and charged with a felony possession charge and made bond. On or around 6-17-23 a Blue Warrant was issued on a alleged DWI that was dismissed. The Blue Warrant was lifted and I was released on the previous felony charge to parole; until the present Pre-Revocation warrant for the indictment on said charge that is not a finding of guilt. Furthermore, I've been under the Pre-Revocation hold, past my Mandatory Maximum Discharge Date of 6/7/2024. Rule 2. is a violation of the conditions of supervision but is not a conviction to justify the denial of the Mandatory Maximum Discharge Date; as where at no time has a violation occurred to revoke parole or loss of good time, flat time or street time credits.

I aver the Board of Pardons and Paroles has unjustly exercised it's power to unduly interfere with power assigned to another dept. (Judicial) by not fulling it's ministrial duty to discharge parolee and or violating his due process rights of not giving results of the pre-revocation hearing for a period of eight (8) months and after the Mandatory Maximum Discharge Date of 6/7/2024.

I respectfully requested for a Revocation Hearing prior to receiving the hearing results on 6/12/24; and the pending charge has no barring on the Board's ministrial duty to discharge from cause No. 06-3822-CRF-272 that cease to operate prior to receiving the hearing results.

Violation of the Separations of Powers can occur in two ways: (1) when one branch of govt. assumes, or is delegated, to whatever degree, a power that is more "properly attached" to another branch", and (2) when one branch unduly interfers with another branch so the other branch can not effectively exercise power of another (as opposed to merely interfering), it violates separation of powers to do so "to whatever degree". Armadillo Bail Bonds. State. 802 S.W.2d 237, 239 (Tex. Crim. App. 1990); (In Part) Tex. Const., Art. II 31 ... " and no person or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others".

I am incarcerated in the Brazos Co. Detention Center being held for the Board of Pardons and Paroles on it's "Blue Warrant" pending a pre-revocation proceeding, as where the Courts have held the right for time spent in confinement following the execution of a pre-revocation warrant.

The Judicial Branch of the 272nd District Court of Brazos County, Texas in Cause No. 06-3822-CRF-272, adjudicated guilt, assessed punishment and imposed sentence of eighteen (18) years in said cause to the maximum discharge date being 6/7/2024 "cease to operate".

Furthermore, In Exparte Llorence, No. WR-80,830-01 (Tex. Crim. App. Feb. 26, 2014) (Pre-Revocation was kept in effect) This Court has held that there is a right to time credit for any time spent in confinement pursuant to the execution of a pre-revocation warrant and that credit cannot be denied a parolee. Exparte Price, 922 S.W. 2d 957, 958-959 (Tex. Crim. App. 1996) citing Exparte Canada, 754 S.W. 2d 660, 668 (Tex. Crim. App. 1988)

In, United States Excel Fitzpatrick v. United States Parole Comm., 444 F. Supp. 1302 (M.D. Pa. 1978) the district court held that 18 U.S.C. § 4205 required credit for time spent confined following the execution of a pre-revocation arrest warrant. See also Stell v. United States Marshall, 780 F. 2d 848 (CA. 10 1985)

## IN CONCLUSION

I, Respectfully move to compel the Board of Pardons and Paroles, To ReOpen Hearing; to exercise it's Ministrial Duty to Discharge Cause No. 06-3822-CRF as it has "cease to operate; and Certify Successful or Unsucessful Discharge Certificate.

## UNSWORN DECLARATION

I, Richard B. Stepp # D1419590, swear under the penalty of perjury that the above and foregoing Motion To ReOpen Hearing is true and correct on this the 13th day of June, 2024.

Richard B. Stepp "without Regrade"

## CERTIFICATE OF SERVICE

I, Richard B. Stepp, So# 23121664, incarcerated in the Brazos County Detention Center, Certify that the above 2 page Motion To ReOpen Hearing was placed in the Jailers hands for mailing to the Board of Pardons and Paroles, General Counsel, 8610 Shoal Creek BLVD., Austin, Tx. 78757, on this the 13th day of June, 2024.

Richard B. Stepp So# 23121664
B.C. D.C., 1835 Sandy point Rd.
Bryan, Tx 77807



Brazos County

*Gabriel Garcia*
*District Clerk*

300 E. 26ᵗʰ St., Suite 1200
*Bryan TX 77803*
*(979) 361-4230*
*(979) 361-0197 fax*

4/24/2024

Doug Howell, III
Assistant District Attorney

RE:    Cause No. 06-03822-CRF-272-B
       The State of Texas vs. RICHARD BERNARD STEPP

Dear Mr. Howell:

    Enclosed herewith is a copy of the APPLICATION FOR A WRIT OF
HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 in the above-
numbered and styled cause from Brazos County, Texas.

    I appreciate your attention to this matter.

                                        Very truly yours,

                                        *Gabriel Garcia/C.E.G.*
                                          , Gabriel Garcia,
                                          District Clerk

cc:    RICHARD BERNARD STEPP      TDCJ# 01419590
       CERTIFIED MAIL REC#        7022 1670 0001 6811 6026
       HEATH COLE POOLE           VIA EMAIL



EXHIBIT- A1

EXHIBIT-A1

CAUSE NO. 06-03822-CRF-272-B

| EX PARTE | § | IN THE DISTRICT COURT OF |
| | § | ~~BRAZOS COUNTY, TEXAS~~ |
| RICHARD STEPP | § | 272ND JUDICIAL DISTRICT |

<u>ORDER TO TRANSMIT HABEAS CORPUS RECORD</u>
(Post-Conviction Application)

Came on to be considered the Application for Writ of Habeas Corpus filed April 24, 2024. The Court, having considered the application and the State's Answer, finds that:

1. Applicant is incarcerated in the Brazos County Jail awaiting trial in The State of Texas vs. Richard Stepp, **cause no. 23-03484-CRF-272** from the 272nd District Court. On August 24, 2023, Applicant was indicted for the felony offense of Possession of Controlled Substance PG1 (less than 1 gram)(twice enhanced), alleged to have occurred on or about April 29, 2023.

2. There are no previously unresolved controverted issues of fact material to the legality of applicant's confinement.

3. Applicant has alleged no fact supported by the record which entitles him to relief.

4. In the application, Applicant has alleged that he is being denied time credits such that his incarceration, under cause no. 06-03822-CRF-272, exceeds his 18 year sentence. Applicant filed his Article 11.07 application with the District Clerk on April 24, 2024. He alleges that he has not presented his claim to the time credit resolution system because he is within 180 days of release (Application, p. 5), but does <u>not</u> support this claim with any current department records.

5. The instant application does not comply with Tex. Gov't. Code § 501.0081.

1

Specifically, the instant application is not supported by current department records establishing:

a.    that a written decision has been obtained from the office of time credit resolution for the Texas Department of Criminal Justice, or

b.    that Applicant is within 180 days of release according to current department records, or

c.    that Applicant sought resolution of his credit complaint more than 180 days before the application was filed.

6.  Because Applicant has not complied with Tex. Gov't. Code § 501.0081, his application should be dismissed. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000).

Having found no fact in issue requiring an evidentiary hearing, and the application having been heard and considered, this Court hereby ORDERS the District Clerk of Brazos County, Texas to prepare and transmit the Record herein to the Court of Criminal Appeals and recommends that the application be dismissed.

It is further ORDERED that the District Clerk shall forward a copy of this Order to Applicant, Richard Stepp, TX SID #03486083, Brazos County Jail, 1835 Sandy Point Road, Bryan, TX 77807.

SIGNED ON    7/16/2024

JUDGE PRESIDING

2

Brazos County



**Gabriel Garcia**
District Clerk

300 E. 26ᵗʰ St., Suite 1200
Bryan TX 77803
(979) 361-4230
(979) 361-0197 fax


EXHIBIT B1

9/27/2024

Doug Howell, III
Assistant District Attorney

RE:    Cause No. 06-03822-CRF-272-C
The State of Texas vs. RICHARD BERNARD STEPP

Dear Mr. Howell:

Enclosed herewith is a copy of the APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 in the above-numbered and styled cause from Brazos County, Texas.

I appreciate your attention to this matter.

Very truly yours,

*Gabriel Garcia/C.E.G*
Gabriel Garcia,
District Clerk

cc:    RICHARD BERNARD STEPP
CERTIFIED MAIL REC#         7022 1670 0001 6812 7336

Received & Filed 10/17/2024 2:31 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Jessica Hernandez-Pineda
Envelope# - 93283548

EXHIBIT B1
Cont'd.

## CAUSE NO. 06-03822-CRF-272-C

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT OF |
| | § | BRAZOS COUNTY, TEXAS |
| RICHARD STEPP | § | 272ND JUDICIAL DISTRICT |

## ORDER TO TRANSMIT HABEAS CORPUS RECORD
### (Post-Conviction Application)

Came on to be considered the Application for Writ of Habeas Corpus filed

September 27, 2024. The Court finds that:

1. Applicant is incarcerated in the Brazos County Jail awaiting trial in The State of Texas vs. Richard Stepp, **cause no. 23-03484-CRF-272** from the 272nd District Court. On August 24, 2023, Applicant was indicted for the felony offense of Possession of Controlled Substance PG1 (less than 1 gram)(twice enhanced), alleged to have occurred on or about April 29, 2023.

2. Applicant has filed two previous applications. In cause no. 06-03822-CRF-272-A, relief was denied without written order on findings of the trial court without a hearing on October 22, 2008. *See* Court of Criminal Appeals case no. WR-45,547-03. In cause no. 06-03822-CRF-272-B, relief was denied without written order on August 7, 2024. *See* Court of Criminal Appeals case no. WR-45,547-07.

3. The instant application does not comply with Tex. Code Crim. Proc. art. 11.07, § 4. Specifically, the instant application does not contain sufficient facts establishing that:

    (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

    (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have

1

EXHIBIT B1

found the applicant guilty beyond a reasonable doubt.
Tex. Code Crim. Proc. art. 11.07, § 4(a).

This Court hereby ORDERS the District Clerk of Brazos County prepare and transmit the Record herein to the Court of Criminal Appeals and recommends that the application be dismissed.

It is further ORDERED that the District Clerk shall forward a copy of this Order to Applicant, Richard Stepp, TX SID #03486083, Brazos County Jail, 1835 Sandy Point Road, Bryan, TX 77807.

SIGNED ON _____


_____
JUDGE PRESIDING

EXHIBIT-C

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
PENALTY FOR
PRIVATE USE

11/20/2024
STEPP, RICHARD    Tr. Ct. No. 06-03822-CRF-272-C    WR-45,547-08
This is to advise that the Court has denied without written order the application for
writ of habeas corpus.

Deana Williamson, Clerk

RICHARD STEPP
BRAZOS COUNTY DETENTION CENTER
1835 SANDY POINT RD.
BRYAN, TX 77807

{EXHIBIT-AA}

| | |
|---|---|
| Race Black | Sex Male |
| Age 57 | Dob ████1966 |
| Ht 5 Ft. 10 In. | Wt 232 Lbs. |
| Hair Black | Eyes Brown |
| SID # TX-03486083 | |

THE STATE OF TEXAS

VS.

RICHARD STEPP

Control # 23-002218
TRN # 9295492528
Warrant#
Offense Code 35990013
Cause No. _____
Charge: POSS CS PG 1/1-B <1G
Agency: College Station Police Department        2023-003552

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the July 2023 Term, of the 361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one
                                    RICHARD STEPP
hereinafter referred to as the Defendant, heretofore on or about the 29th day of April, 2023, did

then and there intentionally and knowingly possess a controlled substance, namely cocaine, in an amount of less than one gram.

ENHANCEMENT TO SECOND DEGREE FELONY:

PARAGRAPH ONE:And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on the 19th day of January,1988, in cause number 15,882 in the 272nd District Court of Brazos County, Texas, the defendant was finally convicted of the felony offense of Burglary of a Motor Vehicle:

PARAGRAPH TWO:And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 15,882 was final, the defendant committed the felony offense of Possession with Intent to Deliver a Controlled Substance and was finally convicted on the 10th day of September, 1996, in cause number 24,459-272 in the 272nd District Court of Brazos County, Texas.

DC RECEIVED AND FILED
AT _____ O'CLOCK ___M

AUG 2 4 2023

GABRIEL GARCIA, DIST CLERK
BRAZOS COUNTY, Texas
By_____ Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE

Grand Jury Witness                    Foreman of the Grand Jury

INDICTMENT-ORIGINAL

```
Race    Black                   Sex    Male
Age     57                      Dob    ████/1966
Ht      5 Ft. 10 in.            Wt     232 Lbs.
Hair    Black                   Eyes   Brown
SID #   TX-03486083
```

EXHIBIT BB

THE STATE OF TEXAS

VS.

RICHARD STEPP

Control #   23-002218
TRN #       9295492528
Warrant#
Offense Code AS3900H3
Cause No.   23-03484-CRF-272
Charge:     POSS CS PG 1/1-B <1G
Agency:     College Station Police Department        2023-003552

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the July 2023 Term, of the 361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one

**RICHARD STEPP**

hereinafter referred to as the Defendant, heretofore on or about the **29th day of April, 2023**, did

then and there intentionally and knowingly possess a controlled substance, namely cocaine, in an amount of less than one gram.

ENHANCEMENT TO SECOND DEGREE FELONY:

PARAGRAPH ONE: And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on the 19th day of January, 1988, in cause number 15,882 in the 272nd District Court of Brazos County, Texas, the defendant was finally convicted of the felony offense of Burglary of a Motor Vehicle.

PARAGRAPH TWO: And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 15,882 was final, the defendant committed the felony offense of Possession with Intent to Deliver a Controlled Substance and was finally convicted on the 10th day of September, 1996, in cause number 24,459-272 in the 272nd District Court of Brazos County, Texas.

DC RECEIVED AND FILED
At 5 o'clock P M

AUG 2 4 2023

GABRIEL GARCIA, DIST CLERK
Brazos County, Texas
By_____ Deputy

THE STATE OF TEXAS, COUNTY OF BRAZOS

I, Gabriel Garcia, Clerk of the District of Brazos County, Texas, do hereby certify that the foregoing is a true and correct copy of the original; this certification reflects that the SSNs have been Grand Jury _____ in Cause No. 23-03484-CRF-272    Foreman of the Grand Jury

ATTEST: Gabriel Garcia

GABRIEL GARCIA, District Clerk, Brazos County, Texas

By: _____ Deputy

## EXHIBIT-CC

PLEASE! Be advised the Brazos County District Attorney's Office uses the District Clerk's Stamp; For replacement of the Grand Jury Stamp Seal ... to Negate Facts of a NO TRUE BILL Indictment.

In support, Petitioner ask that Federal authorities Subpoena the Grand Jury Transcripts to find the votes the votes ᴿᴮˢ of a "True Bill" or "No True Bill" in Cause No. 23-03484-CRF-272 that triggered the Pre-revocation Warrant that he is being illegally confined of after Maximum Discharge Date of June 7, 2024.

SEE: EXHIBIT-BB in the case at hand!!!

## SAMPLE/EXAMPLE

**THE STATE OF TEXAS, COUNTY OF BRAZOS**

I, Gabriel Garcia, Clerk of the District of Brazos County, Texas, do hereby certify that the foregoing is a true and correct copy of the original; this certification reflects that the SSNs have been redacted in Cause No. ___07-00573-CRF-272___

ATTEST: Gabriel Garcia

GABRIEL GARCIA, District Clerk, Brazos County, Texas

By: _____ Deputy

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

SECO2BI

FIRST-CLASS
AUTO
POSTCARD

US POSTAGE PITNEY BOWES

ZIP 78702 $ 000.37⁰
02 7H
0008034821 JUL 11 2024

**7/8/2024**
**STEPP, RICHARD BERNARD    Tr. Ct. No. 06-3822-CRF-272-B    WR-45,547-06**
On this day, the motion for leave to file the original application for writ of mandamus
and original application for writ of mandamus has been received and presented to
the Court.

EXHIBIT-D

Deana Williamson, Clerk

RICHARD BERNARD  STEPP
#23121664
1835 SANDY POINT RD.
BRYAN, TX  77807

F1SXAAB 77807

U.S.D.C., Southern Dist. of Texas
Clerk Of Court
P.O. Box 61010
Houston, Texas 77208

March 25, 2025

Dear Clerk:

Please, find enclosed the Original & copy Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2241 with Memorandum and EXHIBITS to be filed in your usual manner and brought to the attention of the Honorable Court.

Also, Respectfully asking that the additional copy be FILE STAMPED & Returned to acknowledge Receipt. Thank You!!!

Respectfully Submitted

Richard B. Stepp    U.C.C.1-308

Richard B. Stepp #23121664
1835 Sandy Point Road, B.C.D.C.
Bryan, Texas 77807

CC: RBS/File



Richard B. Sleep 2231212164
1855 Sandy Point Rd, B.C.N.C.
Bryan, Texas 77867

Clerk of the Court
U.S. D.C., Southern Dist. of Texas
P.O. Box 61010
Houston, Texas 77208

"United States Courts
Southern District of Texas
FILED
APR 01 2025
Nathan Ochsner, Clerk of Court

{ LEGAL MAIL }
3-25-2025