United States District Court
Southern District of Texas

**ENTERED**

July 13, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RICHARD B. STEPP, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:25-cv-01625 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| WAYNE DICKY, | § | |
| Respondent. | § | |

**OPINION AND ORDER ON DISMISSAL**

The petition by Petitioner Richard B. Stepp for a federal writ of *habeas corpus* under 28 USC §2241 is dismissed. Dkt 1.

### 1. Background

Petitioner proceeds here *pro se*. He filed this petition in April 2025, when he was detained in the Brazos County Detention Center on two separate state-court cases.

In the first case, Brazos County Cause Number 06-3822-CRF-272, Petitioner was indicted in July 2006 on two counts of manufacture or delivery of controlled substances. Dkt 15 at 2. In February 2007, he pleaded guilty to both counts and was sentenced to eighteen years in prison. Ibid. He was released to parole on October 24, 2011. Dkt 15-1. As of that date, the "maximum expiration date" of his sentence was June 7, 2024. Dkt 1 at 12.

In the second case, Brazos County Cause Number 23-03484-CRF-272, Petitioner was arrested on April 29, 2023, for possession of a controlled substance. Id at 25. An indictment on that charge issued on August 24, 2023. Ibid.

On August 30, 2023, the Texas Board of Pardons and Paroles issued a "blue warrant" alleging that Petitioner had violated his parole in Cause Number 06-3822 by committing the offense charged in Cause Number

23-03484. Dkt 15-2. The blue warrant was executed on September 26, 2023. Dkt 15-3. TBPP held a preliminary hearing on the alleged violation on October 19, 2023, although no decision was announced at that time. Dkt 1 at 13. TBPP ultimately issued its preliminary decision on June 12, 2024, finding probable cause to believe a violation had occurred and referring the case for a final revocation hearing. Id at 13–15.

While the revocation proceedings were pending, Petitioner filed a state application for writ of *habeas corpus*, challenging the calculation of certain time credits and his continued detention on the blue warrant. Id at 19–20. That application was dismissed by the Texas Court of Criminal Appeals for lack of exhaustion. Id at 28. In September 2024, Petitioner filed a second *habeas* application raising the same grounds, which was denied by the TCCA on the merits in November 2024. Id at 2–3.

In April 2025, Petitioner filed this federal *habeas corpus* action. He doesn't challenge his underlying conviction or sentence in Cause Number 06-3822 or his detention in Cause Number 23-03484. Instead, he challenges the administration of his sentence in Cause Number 06-3822, raising three claims:

- o Violation of due process rights when TBPP failed to hold a final revocation hearing within a reasonable time,
- o Illegal confinement past the maximum expiration date of his sentence, and
- o Violation of due process rights in the state *habeas corpus* proceedings.

Id at 6.

Since this petition was filed, Petitioner's parole in Cause Number 06-3822 was formally revoked. Dkt 23 at 1. He also pleaded guilty to the charge against him in Cause Number 23-03484, and he was sentenced to a concurrent prison term of five years. Dkt 15-4.

Respondent answered the petition and moved for summary judgment. He contends that the petition should

2

be dismissed as moot because Petitioner is no longer a pretrial detainee. He contends in the alternative that Petitioner's claims have no merit because he was properly held on the facially valid blue warrant. Dkt 15.

Petitioner filed a cross-motion for summary judgment, contending that the facts recited by Respondent show that he was detained beyond the maximum expiration date of his sentence and that he thus was and is illegally detained. Dkt 16. As relief, he seeks an order declaring that his sentence in Cause Number 06-3822 has been fully served and ordering his discharge on that conviction. Dkt 1 at 7.

### 2. Legal standard

A *pro se* petition is construed liberally and isn't held to the same stringent and rigorous standards as pleadings filed by lawyers. See *Bledsue v Johnson*, 188 F3d 250, 255 (5th Cir 1999).

*Habeas corpus* petitions from state prisoners can be brought under either 28 USC §2241 or §2254. Section 2241 applies to all "persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v Louisiana*, 816 F2d 220, 224 (5th Cir 1987); see also *Braden v 30th Judicial Circuit Court of Kentucky*, 410 US 484, 488–89 (1973). A prisoner challenging the validity of his state-court judgments and sentences is also subject to the more specific provisions of §2254. See *Galbraith v Hooper*, 151 F4th 795, 803 (5th Cir 2025).

A petition under §2241 is the proper vehicle for seeking federal *habeas* relief from pretrial detention. See *Stringer v Williams*, 161 F3d 259, 262 (5th Cir 1998), citing *Dickerson*, 816 F2d at 224. It may also be used to challenge the manner in which a state sentence is being carried out. See *Galbraith,* 151 F4th at 802–03. But neither §2241 nor §2254 afford relief from errors of state constitutional, statutory, or procedural law. See *Estelle v McGuire*, 502 US 62, 67-68 (1991): "[F]ederal *habeas corpus* relief does not lie for errors of state law." A prisoner seeking relief under

3

§2241 must instead allege facts showing a violation of a federal law or constitutional right. 28 USC §2241(c)(3).

The parties' motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. *Clark v Johnson*, 202 F3d 760, 764 (5th Cir 2000). Rule 56(a) provides that summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. See also *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Supreme Court holds that "the substantive law will identify which facts are material." *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986).

### 3. Analysis

#### a. Mootness

Respondent first contends that Petitioner's action should be dismissed as moot based on his guilty plea in Cause Number 23-03484. Dkt 15 at 10–11.

A defendant's guilty plea "bars *habeas* review of most non-jurisdictional claims alleging antecedent violations of constitutional rights." *Matthew v Johnson*, 201 F3d 353, 364 (5th Cir 2000), citing *Tollett v Henderson*, 411 US 258, 267 (1973). But a guilty plea doesn't waive the defendant's right to challenge "the very power of the State to bring the defendant into court to answer the charge against him." *Blackledge v Perry*, 417 US 21, 30 (1974).

The claims asserted by Petitioner challenge only the power of the State to detain him for the alleged violation of his parole in Cause Number 06-3822. His guilty plea in Cause Number 23-03484 may have waived his right to challenge any alleged constitutional violations that arose before entry of the plea in *that* case. But it didn't waive his right to challenge the State's authority to detain him for revocation proceedings in Cause Number 06-3822.

Respondent's argument that the petition should be dismissed as moot is without merit.

4

### b. Due process at parole hearing

Petitioner first contends that he was denied due process when TBPP failed to timely provide him with the findings from the preliminary hearing and failed to timely hold a final revocation hearing. Relying on Texas Government Code §508.283, he asserts that he could be detained on the blue warrant for no more than 180 days. He contends that his detention for more than eight months after the preliminary hearing violated Texas law and thus his right to due process. Dkt 1 at 9.

Parole revocation proceedings aren't criminal cases, and the "full panoply" of rights due a criminal defendant in a criminal case doesn't extend to such proceedings. *Morrissey v Brewer,* 408 US 471, 480 (1972). Due process in parole revocation proceedings instead has only minimal requirements, being (i) written notice of the alleged violations; (ii) disclosure of the incriminating evidence; (iii) an opportunity to appear at the hearing and present witnesses and documentary evidence; (iv) a conditional right to cross-examine and confront witnesses; (v) a decision by a neutral decision maker; and (vi) a written statement of the evidence relied upon and the reasons for revoking parole. *Id.* at 489; see also *Barnes v Johnson,* 184 F3d 451, 454 (5th Cir 1999). Notably absent from this list is a time period for conducting proceedings or providing notice of the results.

Petitioner doesn't allege that he was denied any of the rights afforded by *Morrissey*. He asserts only that TBPP violated Texas law by not timely notifying him of the outcome of the preliminary hearing and by not conducting his final revocation hearing within a reasonable time. But TBPP's alleged failure to comply with state procedural rules concerning the timing of proceedings presents a question only of state law. Such errors being at most violations of state law, they aren't cognizable in a federal *habeas* proceeding. See *Smith v Phillips,* 455 US 209, 221 (1982); *Estelle*, 502 US at 67–68.

The claim that TBPP violated state laws regarding the timing of parole revocation proceedings will be denied.

c.   Illegal confinement

Petitioner next alleges that he was and is being illegally incarcerated after the maximum expiration date of his sentence in violation of due process. Specifically, he contends that his sentence expired before his parole was revoked, rendering his continued detention illegal.

Courts have universally held that, so long as the revocation warrant was issued before the expiration of the sentence, no constitutional violation occurs even if the revocation hearing is held after the date the sentence would otherwise have expired. See *Morrison v Johnson*, 106 F3d 127, 129 (5th Cir 1997, *per curiam*) (collecting cases); see also *Cook v United States Attorney General*, 488 F2d 667, 670 (5th Cir 1974) (noting that parole violation warrant must be issued within maximum term of sentence but needn't be executed during that period).

The undisputed facts show that Petitioner's parole was not revoked until after the maximum expiration date of his sentence had passed. But the undisputed facts also show that TBPP issued the blue warrant some ten months before the expiration date of the sentence, and the warrant was executed almost nine months before that expiration date. Petitioner's constitutional rights weren't violated under such circumstances.

The claim of illegal detention after expiration of sentence will be denied.

d.   Due process in state habeas proceedings

Petitioner last contends that state officials failed to handle his state *habeas* application in compliance with Texas state law.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Department of Homeland Security v Thuraissigiam*, 591 US 103, 117 (2020), quoting *Preiser v Rodriguez*, 411 US 475, 484 (1973). But "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself."

*Rudd v Johnson*, 256 F3d 317, 320 (5th Cir 2001). As such, "errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction." *Nichols v Scott*, 69 F3d 1255, 1275 (5th Cir 1995).

Even if true, Petitioner's claim challenging the procedures used by the state *habeas* court in ruling on his state petition doesn't state a claim for federal *habeas corpus* relief, as it doesn't challenge his conviction and detention. And he isn't entitled to federal *habeas* relief based on procedural irregularities in the state *habeas* court.

The claim by Petitioner for alleged due process violations in his state *habeas corpus* proceedings will be denied.

### 4. Other pending motions

#### a. Motion to amend

The motion to amend by Petitioner seeks to add claims concerning the calculation and application of time credits to his sentence in Cause Number 23-03484. Dkt 21. This claim arises from separate events in a separate action that occurred months after the petition was filed in this action. Any such claims must be raised in a separate petition.

The motion to amend by Petitioner will be denied without prejudice to him bringing his claims challenging the time credits in Cause Number 23-03484 in a separate petition. Dkt 21.

#### b. Motion for evidentiary hearing

The motion by Petitioner for an evidentiary hearing seeks either an evidentiary hearing or an order granting his petition. Dkt 23.

A *habeas corpus* petitioner is entitled to an evidentiary hearing only if his claims rely on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (ii) facts that couldn't have been discovered earlier through the exercise of due diligence. 28 USC §2254(e)(2). If the petitioner makes the required showing under either of those provisions, he must also demonstrate that the new facts "would be sufficient to

establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Ibid. But "even if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence." *Shinn v Ramirez*, 596 US 366, 381 (2022) (emphasis in original).

Petitioner's request for an evidentiary hearing doesn't satisfy the requirements of §2254(e)(2). His claims don't arise from either a new rule of constitutional law or a newly discovered factual predicate. Even if he did fall into either of the two limited scenarios in which an evidentiary hearing might be appropriate, he admits that there aren't any factual disputes relating to his petition, which would render an evidentiary hearing unnecessary. See *Coleman v Vannoy*, 963 F3d 429, 435 (5th Cir 2020): "A district court may refuse an evidentiary hearing where there is not a factual dispute which, if resolved in the prisoner's favor, would entitle him to relief."

The motion by Petitioner for an evidentiary hearing will be denied. Dkt 23.

### c.    Motions for relief or final judgment

Petitioner has filed two motions for relief or final judgment. Both essentially restate the facts and arguments from his initial petition and seek a ruling on his petition. Dkts 26 & 28. As such, each will be rendered moot with the issuance of this Order.

The motions for relief or final judgment will be denied as moot. Dkts 26 & 28.

### 5.    Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. But "a COA is not required to appeal the denial of a §2241 petition." *Hunter v Tamez*, 622 F3d 427, 430 (5th Cir 2010), quoting *Pack v Yusuff*, 218 F3d 448, 451 n 3 (5th Cir 2000). As such, a certificate of appealability needn't be issued.

8

6. Conclusion

The motion for summary judgment by Respondent Wayne Dicky is GRANTED. Dkt 15.

The motion for summary judgment by Petitioner Richard B. Stepp is DENIED. Dkt 16.

The motion by Petitioner to amend his petition is DENIED. Dkt 21.

The motion by Petitioner for an evidentiary hearing is DENIED. Dkt 23.

The motions by Petitioner for relief or final judgment are DENIED AS MOOT. Dkts 26 & 28.

The petition for writ of *habeas corpus* by Petitioner Richard B. Stepp is DISMISSED WITH PREJUDICE. Dkt 1.

Any other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

SO ORDERED.

Signed on ___July 13, 2026___, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

9